IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Richard Buck and Rose Buck, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 09-1291 |
| ) | |
| Liberty Mutual Fire Insurance Company, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiffs' residence suffered damage "caused by flooding" in December, 2007, and January, 2008. (Complaint, ¶¶ 5, 11). They pursue claims arising from the delay and denial of insurance coverage for that damage under two separate insurance policies: a homeowners policy and a flood policy. Only the homeowner's policy is at issue in the motion to dismiss before the Court. For the reasons below, the Court recommends that the motion to dismiss be granted to the extent Plaintiffs seek flood coverage under the homeowner's policy. However, the Court also recommends that Plaintiffs be given leave to file an amended complaint

regarding their claim of coverage under the sump pump overflow endorsement to that policy.

## Standard

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955.

## Background

Defendant issued two different insurance policies to Plaintiff: a homeowner's policy and a flood insurance policy. (Complaint, ¶ 3). The flood insurance policy is through the U.S. Government's National Flood Insurance Program and is governed by federal regulations. (Notice of Removal, d/e 1 ¶¶ 11, 12; National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.*). The homeowner's policy is a standard insurance policy, with Defendant acting as a standard homeowner insurer. (d/e 12, p. 2). The present motion to dismiss regards only the homeowner's policy, not the flood policy.[1]

According to the Complaint, Plaintiffs submitted claims under the policies for "damage caused by . . . flooding" on two separate occasions, December 11, 2007 and January 8, 2008. (Complaint, ¶ 5, 11). Defendant allegedly refused to pay, first based on a flooding exclusion, and then based on the argument that the policy was not in effect. (Complaint, ¶¶ 7-8). Defendant ultimately paid only part of Plaintiff's claims, with no explanation, and allegedly has refused to respond to inquiries or issue

---

[1]Defendant is represented by separate counsel for the homeowner's policy and the flood policy. (d/e 12, p.2).

details of the final resolution. (Complaint, ¶¶ 13, 14, 16). The delay has caused additional damages from mold. (Complaint, ¶ 15).

On July 2, 2009, Plaintiffs filed this action in McClean County Circuit Court alleging breach of contract and unreasonable delay, and Defendant timely removed the case to federal court.

## Analysis

Though the Complaint references both the flood insurance and homeowner's policies, Defendant moves to dismiss only the claims under the homeowner's policy. That policy (number H32-248-053236-407 2)[2] provides:

> SECTION I– EXCLUSIONS
>
> 1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
>
> \*   \*   \*
>
> c. **Water Damage, meaning**:
>
>    (1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by the wind;
>
>    (2) Water which backs up through sewers or drains or which overflows from a sump; or
>
>    (3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks

---

[2]The Complaint references this number "and/or" another number, but the parties seem to agree in their briefs that this is the correct number.

>> through a building, sidewalk, driveway, foundation, swimming pool or other structure.
>
> Direct loss by fire, explosion or theft resulting from water damage is covered.

(pp. 21-22 of d/e 1-1).

Plaintiffs do not dispute that flood damage is specifically excluded from coverage under the plain language of this section. Yet their Complaint seems to seek just that. They allege that in December, 2007, "flooding was discovered" at their residence and they made a claim under the policies "regarding the damage caused by the flooding." (Complaint, ¶¶ 4-5). Their residence "was again flooded on January 8, 2008, for which Plaintiffs filed an additional claim with Liberty . . . ." (Complaint, para. 11). They also admit in their response that "claims for flood damage were submitted to Liberty Mutual" under both the flood and the homeowner's policies. (d/e 16, ¶ 2).

Based on the plain and unambiguous language of the section above, flood damage is not covered under the homeowner's policy. Plaintiffs make no argument for a different interpretation, nor can the Court surmise a reasonable one. See Sharp v. Trans Union L.L.C., 364 Ill.App.3d 64, 71-72 (1st Dist. 2006)(rules of contract interpretation apply to insurance policies: "If the policy language is unambiguous, the policy will be applied

as written, provided that it does not contravene public policy."). Therefore, the Court will recommend dismissal of Plaintiffs' claims regarding denial of flood coverage under the homeowner's policy.

However, Plaintiffs contend in their response that they made a claim for coverage under an endorsement to the homeowner's policy that covers sump pump overflow. That endorsement provides:

**BACK UP OF SEWER AND SUMP PUMP OVERFLOW COVERAGE ENDORSEMENT**
**(This is not Flood Insurance)**

**DEFINITIONS**

The following definition is added:

The term "flood" as used in this endorsement means a general and temporary condition of partial or complete inundation of normally dry land areas from:

1. The unusual and rapid accumulation of runoff of surface waters from any source.

\*     \*     \*

**PERILS INSURED AGAINST – SECTION I**

For an additional premium, we cover risks of direct physical loss to property . . . when caused by a peril listed below, unless the loss is excluded in this policy.

1. Sewer Back-up, . . .

2. Sump Pump Overflow, meaning only direct loss to covered property caused by water which overflows or accidentally discharges from within a sump pump, sump pump well, sump pump well discharge system, or other type system designed to remove subsurface water from the foundation area of the "residence premises" is covered.

Direct physical loss caused by water which backs up through sewers or drains due to the mechanical failure of a sump pump, . . . is covered.

>    This coverage does not apply if the loss is caused by negligence of any insured.

(p. 48 of d/e 1-1).  This endorsement expressly deletes the exclusion under "Section I-Exclusions" for water that "backs up through sewers or drains or which overflows from a sump pump."  Id.

Plaintiffs assert in their response that they made a claim under this endorsement that has not been paid.  Defendant does not mention the sump pump overflow endorsement in the motion to dismiss.  Plaintiffs do not mention it in their Complaint.  Maybe Plaintiffs believe that the Complaint already covers this claim, since the Complaint challenges generally the denial of coverage under the policies for damage suffered on certain dates.  However, as currently pled, the Court believes that the Complaint arguably gives the impression that Plaintiffs challenge only the denial of coverage for flood damage.  The Court accordingly will recommend that Plaintiffs be given leave to file an amended complaint to clarify their sump pump claim and to delete their claims relating to flood coverage under the homeowner's policy.  The Court states no opinion on the viability of Plaintiffs' claim under the sump pump endorsement.

WHEREFORE, the Court RECOMMENDS that Defendant's motion to dismiss be granted in part and denied in part (d/e 12).  The Court

recommends that Plaintiffs' claim arising from the denial of flood coverage under the homeowner's policy be dismissed.  The Court recommends denial of the motion to the extent it seeks dismissal of Plaintiffs' claim regarding coverage under the sump pump overflow endorsement to the homeowner's policy.  The Court further recommends that Plaintiffs be given leave to file an Amended Complaint that comports with this Recommendation.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:     June 1, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE